IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00322-MSK-KLM

SIONE FINAU,

    Plaintiff,

v.

MOUNTAIN PRAIRIE, LLC,

    Defendant.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Renewed Motion to Dismiss** [#15].[1] Plaintiff filed a Response [#16] in opposition to the Motion [#15], and Defendant filed a Reply [#19]. The Motion [#15] has been referred to the undersigned for a recommendation. *See* [#32]. The Court has reviewed the Motion, Response, Reply, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court **RECOMMENDS** that the Motion [#15] be **DENIED**.

#### I. Summary of the Case

Plaintiff is an individual residing in the State of Washington. *Am. Compl.* [#11] ¶ 1. Defendant is a Colorado corporation operating a hog farm with approximately 100 employees in Las Animas, Colorado. *Id.* ¶¶ 2, 7. Defendant is Plaintiff's former employer.

---

[1] "[#15]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

1

*Id.* ¶ 11.  Plaintiff worked for Defendant in a variety of positions, the last of which was titled "Site Manager, Level III – Far Wean."  *Id.* ¶ 6.  Plaintiff supervised about seventeen employees, and he asserts that he "discharged his duties for Defendant competently and loyally at all times."  *Id.* ¶¶ 9-10.

Plaintiff and another of Defendant's employees, a woman named Kasi Leger ("Leger"), became acquaintances and associated outside of work.  *Id.* ¶ 11.  Each had children around the same age who were friends and classmates, and Plaintiff's family and Ms. Leger's family provided childcare services to each other and engaged in joint social activities outside of work.  *Id.* ¶ 13.  At some point, a human resources representative for Defendant purported to conduct an investigation into this association, although Plaintiff conclusorily asserts that the investigation was not conducted in a neutral and impartial manner.  *Id.* ¶ 14.  On December 9, 2013, Defendant terminated Plaintiff's employment because of a purported conflict of interest created by Plaintiff's activities with Ms. Leger, although Plaintiff asserts that all such activities were lawful and none affected Plaintiff's employment.  *Id.* ¶¶ 11, 15-16.  Plaintiff and his family were evicted by Defendant from the company-provided housing when Plaintiff was terminated.  *Id.* ¶ 12.

On February 25, 2014, an administrative hearing was held to determine whether Plaintiff was eligible for unemployment compensation.  *Id.* ¶ 17.  The Colorado Department of Labor and Employment hearing officer found that Plaintiff did not violate any company policies or procedures, engage in any favoritism with Ms. Leger, or otherwise act inappropriately in his interactions.  *Id.* ¶ 18.  Plaintiff was awarded full unemployment compensation, and Defendant did not appeal that decision.  *Id.* ¶ 19.  Plaintiff states that he was forced to relocate to the State of Washington to secure new employment and has

been undergoing re-training as authorized by the Colorado Department of Labor and Employment.  *Id.* ¶ 20.

Based on these circumstances, Plaintiff asserts one cause of action against Defendant, i.e., violation of Colo. Rev. Stat. § 24-34-402.5.  *Id.* ¶ 23.  He states that as a result of this violation, he suffered damages which include lost salary, benefits, and housing, and severe emotional distress.  *Id.* ¶ 24.  In the present Motion [#15], Defendant seeks dismissal of this claim.

## II.  Standard of Review

Rule 12(b)(6) tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).  To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations."  *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[P]lausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff[ ] [has] not nudged [his] claims across the line from conceivable to plausible."  *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (internal quotations and citations omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).  However, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further

factual enhancement.'" *Id.* (citation omitted). That said, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests;" the 12(b)(6) standard does not "require that the complaint include all facts necessary to carry the plaintiff's burden." *Khalik*, 671 F.3d at 1192 .

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id.* (citation omitted). As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (citation omitted).

### III. Analysis

Colo. Rev. Stat. § 24-34-402.5(1) provides:

> It shall be a discriminatory or unfair employment practice for an employer to terminate the employment of any employee due to that employee's engaging in any lawful activity off the premises of the employer during nonworking hours unless such a restriction: (a) [r]elates to a bona fide occupational requirement or is reasonably and rationally related to the employment activities and responsibilities of a particular employee or a particular group of employees, rather than to all employees of the employer; or (b) [i]s necessary to avoid a conflict of interest with any responsibilities to the employer or the appearance of such a conflict of interest.

Thus, in short, "[t]his statute generally makes it an unfair and discriminatory labor practice to discharge an employee based on the employee's 'lawful' outside-of-work activities."

*Coats v. Dish Network, LLC*, 350 P.3d 849, 850 (Colo. 2015). Plaintiff must allege two elements to state a claim under this statute: (1) he engaged in a lawful activity off the premises of the employer during non-working hours; and (2) he was terminated for engaging in this activity. *Yarbrough v. ADT Sec. Servs., Inc.*, No. 07-cv-01564-LTB-KMT, 2008 WL 3211284, at *2 (D. Colo. Aug. 6, 2008); *see also Robert C. Ozer, P.C. v. Borquez*, 940 P.2d 371, 375 (Colo. 1997).

Defendant argues that Plaintiff's allegations are insufficient to state a claim for violation of this statute. *Motion* [#15]; *Reply* [#19]. However, while the Court agrees that Plaintiff's allegations are sparse, it is unclear what more Plaintiff need have said to state a claim here.[2] Defendant attempts to parse the allegations of Plaintiff's Amended Complaint [#11] too finely. Read as a whole, Plaintiff has alleged that he engaged in social and childcare activities with a co-worker outside of work and that Defendant conducted an investigation prior to determining that Plaintiff should be terminated based on his activities with his co-worker. *Am. Compl.* [#11] ¶¶ 11, 13-15. Plaintiff has therefore alleged that he engaged only in lawful activities outside of work and that those activities were the cause of Defendant's decision to fire him. Solely based on the allegations in the Amended Complaint, the Court finds that Plaintiff has given Defendant fair notice of what the claim is and the grounds on which it rests. *See Khalik*, 671 F.3d at 1192.

The Court finds the cases cited by Defendant to be distinguishable, in part because

---

[2] As Judge Babcock stated in a 2008 opinion, "There is very little Colorado case law applying § 24-34-402.5, and my research reveals no authority analyzing the proof necessary for a plaintiff to demonstrate that he or she was terminated for engaging in a lawful activity off the premises of the employer during non-working hours." *Yarbrough*, 2008 WL 3211284, at *3. Cases involving this statute since that time have done little to provide additional authority relevant to the substantive issues underlying this lawsuit.

each concerns claims different from the one present here. *Johnson v. Western State Colorado University* was a gender discrimination case which largely consisted of empty allegations of a conspiracy by an all-female disciplinary group. 71 F. Supp. 3d 1217 (D. Colo. 2014). *De Payan v. Wend-Rockies, Inc.* was an age discrimination case which lacked many necessary allegations, including who the younger workers were and their approximate ages. No. 07-cv-02520-LTB-MEH, 2008 WL 2168780 (D. Colo. 2008). Here, there is no requirement in the statute that Plaintiff distinguish himself from another person or group of persons. He merely needs to allege that he was terminated for engaging in lawful activities. Colo. Rev. Stat. § 24-34-402.5. He has met that minimum threshold here. *See Watson v. Pub. Serv. Co. of Colo.*, 207 P.3d 860, 864 (Colo. App. 2008) (stating that as a remedial statute, Colo. Rev. Stat. § 24-34-402.5 should be broadly construed). In addition, there is no indication from the Amended Complaint that Plaintiff engaged in any unlawful activities, and there is no indication from the Amended Complaint that Plaintiff's termination was because of a restriction related to a bona fide occupational requirement or a restriction that was necessary to avoid a conflict of interest (or appearance of such a conflict) with any of Plaintiff's job responsibilities. *See* Colo. Rev. Stat. § 24-34-402.5(1).

Accordingly, the Court **recommends** that the Motion [#15] be **denied**.

### IV. Conclusion

For the foregoing reasons, the Court **RECOMMENDS** that the Motion [#15] be **DENIED**.[3]

---

[3] The Court reminds the parties that, should this Recommendation be adopted by the Chief Judge, the parties must submit a proposed case plan and schedule within ten days of a ruling on this Motion [#15]. *See* [#21] at 1.

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: December 18, 2015, at Denver, Colorado.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge